# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER N. HILLMAN AND LISA K. ) <br> HILLMAN AS ADMINISTRATORS OF ) <br> THE ESTATE OF GREGORY ) <br> HILLMAN ) <br>      Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BERKSHIRE MEDICAL CENTER, ) <br> INC., COUNTY AMBULANCE, INC., ) <br> CHRISTINE DECKER, M. ED., ) <br> VICTORIA BURGESS, PA-C., SUSAN ) <br> GUINAN, R.N., BRYAN ALBANO and ) <br> CYNTHIA AUSTIN ) <br>      Defendants. ) | CIVIL ACTION <br> No. |

# COMPLAINT AND CLAIM FOR JURY TRIAL

### FACTUAL ALLEGATIONS

1.     The plaintiffs, Peter N. Hillman and Lisa K. Hillman are the parents of Gregory S. Hillman (hereinafter "Gregory"), and the duly appointed Administrators of the Estate of Gregory S. Hillman. The plaintiffs are citizens of the State of Connecticut, and residents of Darien, Connecticut.

2.     The defendant, Berkshire Medical Center, Inc., (hereinafter "BMC"), is a hospital licensed by the Commonwealth of Massachusetts pursuant to G.L. c.111 §51, with a principal place of business in Pittsfield, Massachusetts.

3. The defendant, County Ambulance, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business in Pittsfield, Massachusetts.

4. The defendant, Christine Decker (hereinafter "Decker,"), is a member of the Crisis Team at Berkshire Medical Center, and a citizen of the Commonwealth of Massachusetts.

5. The defendant, Victoria Burgess (hereinafter "Burgess"), is a physician's assistant licensed to provide health care in the Commonwealth of Massachusetts, and a citizen of the Commonwealth of Massachusetts who resides in Pittsfield, Massachusetts.

6. The defendant, Susan Guinan (hereinafter "Guinan"), is a registered nurse licensed to provide health care in the Commonwealth of Massachusetts, and a citizen of the Commonwealth of Massachusetts who resides in Lee, Massachusetts.

7. The defendant, Bryan Albano (hereinafter "Albano"), is an emergency medical technician who was licensed by the Commonwealth of Massachusetts at all times relevant to this complaint, and a citizen of the Commonwealth of Massachusetts who resides in Adams, Massachusetts.

8. The defendant, Cynthia Austin (hereinafter "Austin"), is an emergency medical technician licensed by the Commonwealth of Massachusetts at all times relevant to this complaint, and a citizen of the Commonwealth of Massachusetts who resides in West Springfield, Massachusetts.

9. On or about June 23, 2009, Gregory was admitted to Gould Farm in Monterey, Massachusetts, for the purpose of receiving psychiatric treatment and counseling.

10. On or about June 29, 2009, Gregory eloped from Gould Farm without notifying any staff member of his intention to leave.

11. When he left Gould Farm, Gregory left behind a note indicating an intention to end his life.

12. When the staff at Gould Farm became aware of Gregory's absence, a search was instituted, which involved the participation of the Monterey Police Department.

13. On or about June 29, 2009, at approximately 5:15 a.m., officers of the Monterey Police Department located Gregory and returned him to Gould Farm.

14. The staff at Gould Farm contacted BMC, related Gregory's history, and arranged to bring him to BMC for evaluation and treatment.

15. Gregory arrived at BMC at approximately 7:09 a.m. on June 29, 2009.

16. While at BMC, Gregory was determined to be a danger to himself and was involuntarily committed to receive psychiatric care and treatment pursuant to M.G.L. C. 123 §12.

17. A decision was made to transfer Gregory from BMC to a locked psychiatric unit at Greylock Pavilion at North Adams Regional Hospital in North Adams, Massachusetts.

18. The defendants, Decker, Burgess and Guinan were among those involved in the treatment of Gregory at BMC, including but not limited to his evaluation, treatment and transfer.

19. County Ambulance, Inc., through its employees, agents and servants, arrived at BMC in the late afternoon to transport Gregory to Greylock Pavilion.

20. Gregory left BMC in the care and custody of County Ambulance at approximately 5:25 p.m.

21. The ambulance carrying Gregory arrived at Greylock Pavilion in North Adams at approximately 6:00 p.m.

22. While being transferred from the ambulance to the emergency department at North Adams Regional Medical Center, Gregory eloped from the custody of County Ambulance.

23. Shortly after eloping from the custody of County Ambulance, Gregory committed suicide by drowning himself in the Hoosic River.

24. The circumstances surrounding Gregory's medical care on June 29, 2009 were reviewed by the Massachusetts Department of Public Health (DPH) and the Office of Emergency Management Services (OEMS), which identified significant lapses in care and communication. The findings of those agencies are attached to this Complaint as Exhibits "A" and "B".

25. Jurisdiction is based on a violation of federal law, as provided by 28 U.S.C. §1331.  Jurisdiction is also proper based on diversity of citizenship between the parties, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, as provided by 28 U.S.C. §1332.

**COUNT I – EMTALA VIOLATIONS BY BMC**

26. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this Complaint as if each were set forth fully herein.

27. BMC is subject to the requirements of 42 U.S.C. §1395dd et seq., the Emergency Medicine Transport and Labor Act (hereinafter "EMTALA").

28. EMTALA requires BMC to conduct an adequate screening evaluation of patients who present to its emergency department.

29. EMTALA requires BMC to institute treatment for emergency medical conditions found to exist on screening.

30. EMTALA requires BMC to take reasonable steps to insure that patients who present to its emergency department are adequately stabilized before transfer to another facility, or to make an "appropriate transfer."

31. BMC violated the provisions of EMTALA by failing to conduct an adequate evaluation of Gregory, failing to take reasonable steps to insure that he was adequately stabilized before transfer to another facility, by failing to make an appropriate transfer, and by failing to create and implement policies to insure that the emergency department was in compliance with EMTALA.

32. BMC's failure to comply with the provisions of EMTALA directly and proximately resulted in the death of Gregory Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory Hillman, demand Judgment against the defendant, Berkshire Medical Center, for damages resulting from the wrongful death of Gregory Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees, and such other equitable relief as this Court may deem just and appropriate.

**COUNT II – NEGLIGENCE BY BMC**

33. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

34. BMC, through its agents, servants, employees and representatives, was negligent in the care and treatment of Gregory Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, by failing to make adequate arrangements for his safe transfer to another facility, and by failing to create and implement policies for the safe and appropriate treatment of patients like Gregory.

35. The negligence of the defendant, BMC, directly and proximately resulted in the death of Gregory Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory Hillman, demand Judgment against the defendant, Berkshire Medical Center, for damages resulting from the wrongful death of Gregory Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees, and such other equitable relief as this Court may deem just and appropriate.

.

**COUNT III – GROSS NEGLIGENCE BY BMC**

36. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

37.     BMC, through its agents, servants, employees and representatives, was negligent in the care and treatment of Gregory Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, by failing to make adequate arrangements for his safe transfer to another facility, and by failing to create and implement policies for the safe and appropriate treatment of patients like Gregory.

38.     The death of Gregory Hillman was the direct and proximate result of the gross negligence, or of the willful, wanton or reckless conduct of the defendant, BMC.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory Hillman, demand Judgment against the defendant, Berkshire Medical Center, for punitive damages on account of the wrongful death of Gregory Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

## COUNT IV –NEGLIGENCE BY CHRISTINE DECKER

39.     The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

40.     Decker was negligent in the care and treatment of Gregory S. Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

41.     The negligence of the defendant, Christine Decker, directly and proximately resulted in the death of Gregory S. Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Christine Decker, for damages resulting from the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

## COUNT V – GROSS NEGLIGENCE BY CHRISTINE DECKER

42.     The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

43.     Decker was negligent in the care and treatment of Gregory S. Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

44.     The death of Gregory S. Hillman was the direct and proximate result of the gross negligence, or of the willful, wanton or reckless conduct of the defendant, Christine Decker.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Christine Decker, for

punitive damages on account of the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

### COUNT VI – NEGLIGENCE BY VICTORIA BURGESS

45. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

46. Burgess was negligent in the care and treatment of Gregory Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

47. The negligence of the defendant, Victoria Burgess, directly and proximately resulted in the death of Gregory S. Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Victoria Burgess, for damages resulting from the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

### COUNT VII – GROSS NEGLIGENCE BY VICTORIA BURGESS

48. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

49.     Burgess was negligent in the care and treatment of Gregory Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

50.     The death of Gregory S. Hillman was the direct and proximate result of the gross negligence, or of the willful, wanton or reckless conduct of the defendant, Victoria Burgess

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Victoria Burgess, for punitive damages on account of the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

## COUNT VIII – NEGLIGENCE BY SUSAN GUINAN

51.     The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

52.     Guinan was negligent in the care and treatment of Gregory S. Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

53.     The negligence of the defendant, Susan Guinan, directly and proximately resulted in the death of Gregory S. Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Susan Guinan, for damages resulting from the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

### COUNT IX – GROSS NEGLIGENCE BY SUSAN GUINAN

54. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

55. Guinan was negligent in the care and treatment of Gregory Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

56. The death of Gregory S. Hillman was the direct and proximate result of the gross negligence, or of the willful, wanton or reckless conduct of the defendant, Susan Guinan.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Susan Guinan, for punitive damages on account of the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

### COUNT X – NEGLIGENCE BY COUNTY AMBULANCE, INC.

57. The plaintiffs, Peter K. Hillman and Lisa N. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

58. County Ambulance, Inc., through its agents, servants, employees and representatives, was negligent in the care and treatment of Gregory S. Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, by failing to make adequate arrangements for his safe transfer to another facility, and by failing to create and implement policies for the safe and appropriate treatment of patients like Gregory S. Hillman.

59. The negligence of the defendant, County Ambulance, Inc., directly and proximately resulted in the death of Gregory S. Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, County Ambulance, Inc., for damages resulting from the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees, and such other equitable relief as this Court may deem just and appropriate.

**COUNT XI – GROSS NEGLIGENCE BY COUNTY AMBULANCE, INC.**

60. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

61.     County Ambulance, Inc., through its agents, servants, employees and representatives, was negligent in the care and treatment of Gregory S. Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, by failing to make adequate arrangements for his safe transfer to another facility, and by failing to create and implement policies for the safe and appropriate treatment of patients like Gregory.

62.     The death of Gregory S. Hillman was the direct and proximate result of the gross negligence, or of the willful, wanton or reckless conduct of the defendant, County Ambulance, Inc.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, County Ambulance, Inc., for punitive damages on account of the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

### COUNT XII – NEGLIGENCE BY BRYAN ALBANO

63.     The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

64.     Albano was negligent in the care and treatment of Gregory S. Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his

condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

65. The negligence of the defendant, Bryan Albano, directly and proximately resulted in the death of Gregory S. Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Bryan Albano, for damages resulting from the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

### COUNT XIII – GROSS NEGLIGENCE BY BRYAN ALBANO

66. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

67. Albano was negligent in the care and treatment of Gregory Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

68. The death of Gregory S. Hillman was the direct and proximate result of the gross negligence, or of the willful, wanton or reckless conduct of the defendant, Bryan Albano.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Bryan Albano, for

punitive damages on account of the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

## COUNT XIV – NEGLIGENCE BY CYNTHIA AUSTIN

69. The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

70. Austin was negligent in the care and treatment of Gregory S. Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

71. The negligence of the defendant, Cynthia Austin, directly and proximately resulted in the death of Gregory S. Hillman.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Cynthia Austin, for damages resulting from the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

## COUNT XV – GROSS NEGLIGENCE BY CYNTHIA AUSTIN

72.     The plaintiffs, Peter N. Hillman and Lisa K. Hillman, repeat, reallege and incorporate the allegations of paragraphs 1 through 25 of this complaint as if each were set forth fully herein.

73.     Austin was negligent in the care and treatment of Gregory Hillman by failing adequately to evaluate his condition, by failing to take adequate precautions to stabilize his condition, by failing to communicate with other health care providers about his condition, and by failing to make adequate arrangements for his safe transfer to another facility.

74.     The death of Gregory S. Hillman was the direct and proximate result of the gross negligence, or of the willful, wanton or reckless conduct of the defendant, Cynthia Austin.

WHEREFORE, the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as Administrators of the Estate of Gregory S. Hillman, demand Judgment against the defendant, Cynthia Austin, for punitive damages on account of the wrongful death of Gregory S. Hillman, in an amount to be determined by a jury, plus interests, costs and reasonable attorney's fees.

**PLAINTIFFS CLAIM A JURY AS TO ALL ISSUES OF FACT**

RESPECTFULLY SUBMITTED,

THE PLAINTIFFS,
BY THEIR ATTORNEYS,

/s/Elizabeth N. Mulvey

ELIZABETH N. MULVEY
BBO #: 542091
DAVID W. SUCHECKI
BBO#: 646594
CROWE AND MULVEY, L.L.P.
141 TREMONT STREET
BOSTON, MA 02111
TELEPHONE: 617-426-4488