*[Handwritten margin note:] DENIED without prejudice to a renewed motion that includes a statement, as required by Fed. R. Civ. P. § 54(b), as to whether there is "no just reason for delay" in entering judgment. So ordered. /s/ Michael A. Ponsor, USDJ 1.3.12*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER N. HILLMAN AND<br>LISA K. HILLMAN, AS<br>ADMINISTRATORS OF THE<br>ESTATE OF GREGORY HILLMAN,<br>PLAINTIFFS<br><br>BERKSHIRE MEDICAL CENTER, INC.,<br>COUNTY AMBULANCE, INC.<br>BRIEN CENTER FOR MENTAL<br>HEALTH AND SUBSTANCE ABUSE,<br>INC., CHRISTINE DECKER M.ED.,<br>LISW, VICTORIA BURGESS PA-C,<br>SUSAN GUINAN R.N. AND<br>BRYAN ALBANO,<br>DEFENDANTS | CIVIL ACTION<br>No. 10-CV-30088-MAP |

### PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AS TO BERKSHIRE MEDICAL CENTER, INC. AND REQUEST FOR PREJUDGMENT INTEREST

Now come the plaintiffs, Peter N. Hillman and Lisa K. Hillman, administrators of the Estate of Gregory Hillman, and respectfully submit this Motion for Entry of Judgment as to Berkshire Medical Center, Inc. (hereinafter "BMC") pursuant to Fed. R. Civ. P. 68(a).

1.   This action arose out of the defendant, BMC's transfer of the plaintiff's decedent, Gregory Hillman, from BMC to the Greylock Pavilion at North Adams Regional Medical Center. The plaintiffs assert that the defendant, BMC, violated the Emergency Medical Treatment and Labor Act ("EMTALA") 42 U.S.C. § 1395dd by failing to conduct an adequate evaluation of Gregory, failing to take reasonable steps to insure that he was adequately stabilized before transfer to another facility, failing to make an appropriate transfer, and by failing to create and implement policies to insure that the