UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER N. HILLMAN AND LISA K. HILLMAN as Administrators of the Estate of GREGORY HILLMAN,<br><br>  Plaintiffs<br><br>  v.<br><br>BERKSHIRE MEDICAL CENTER, INC., COUNTY AMBULANCE, INC. BRIEN CENTER FOR MENTAL HEALTH AND SUBSTANCE ABUSE, INC., CHRISTINE DECKER, M.ED., VICTORIA BURGESS, PA-C., SUSAN GUINAN, R.N., AND BRYAN ALBANO,<br><br>  Defendants | Civil Action No. 10-30088-MAP |

MEMORANDUM AND ORDER WITH REGARD TO
PLAINTIFFS' BILL OF COSTS AND DEFENDANT'S MOTION TO STRIKE COSTS
(Document Nos. 52 and 54)
March 20, 2012

NEIMAN, U.S.M.J.

Peter and Lisa Hillman ("Plaintiffs"), having accepted an Offer of Judgment from Berkshire Medical Center, Inc. ("BMC"), seek reimbursement for various costs, amounting in total to $11,101.39, in connection with their claims against BMC. In response, BMC has moved to strike many of the costs sought. The court's consideration of this issue has been complicated by the fact that the case is ongoing with respect to the remaining defendants. In any event, for the following reasons, the court will allow BMC's motion, leaving an award of costs totaling $350.00.

I. BACKGROUND

Only facts relevant to the instant motion are presented. On November 17, 2011, BMC, pursuant to Federal Rule of Civil Procedure 68, served Plaintiffs with a written Offer of Judgment. (BMC's Motion to Strike Costs ("Mot. to Strike") at 2; Plaintiffs' Opposition to BMC's Motion to Strike Costs ("Pls.' Opp.") at 2.) The Offer of Judgment stated that BMC would pay Plaintiffs "the amount of $20,000, plus any recoverable costs accrued by [Plaintiffs] prior to the receipt of this Offer of Judgment." (Ex. A Attached to Counsel's Affidavit in Support of Mot. to Strike.) Plaintiffs accepted the Offer of Judgment on November 29, 2011, and on January 25, 2012, the court entered judgment. (Mot. to Strike at 2; Pls.' Opp. at 2.)

On January 31, 2012, Plaintiffs, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, filed a Bill of Costs for reimbursement of their costs associated with pursuing the action against BMC. In turn, BMC filed the instant motion to strike certain costs.

II. STANDARD OF REVIEW

Absent a specific statutory provision or rule to the contrary, "costs -- other than attorney's fees -- should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "The award of costs is a matter given to the discretion of the district court." *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir.1990).

The applicable statute, 28 U.S.C. § 1920, lists six items that may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Describing Section 1920, the First Circuit explained that

> [i]t fills the void resulting from Rule 54(d)'s failure to define the terms "costs" . . . and in that way constrains the district court's power to determine which expense categories constitute taxable costs. In other words, the statute and rule, read together, signify that a district court lacks the ability to assess "costs" under Rule 54(d) above and beyond those that come within the statutory litany.

*See In re Two Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993).

As one court noted, however, "it is not entirely clear which party bears the burden in a request for costs." *S. v. Timberlane Reg'l Sch. Dist.*, 2004 WL 502614, *at 8 (D. N.H. Mar. 15, 2004). Still, in this court's opinion, it is fair to conclude that at least a presumption exists in favor of awarding costs to a prevailing party, requiring the non-prevailing party to overcome that presumption to avoid an award. *See In re San Juan DuPont Plaza Hotel Fire Litig.*, 994 F.2d at 962 (district court's discretion to deny

recovery of costs that fall within the Rule 54(d) categories "operates in the long shadow of a background presumption favoring cost recovery for prevailing parties."). The court believes, however, that once a non-prevailing party has raised specific objections to a bill of costs, the prevailing party must make some showing to establish that its costs are necessary and reasonable. *See Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 37 (D. P.R. 2000). Here, although Plaintiffs might otherwise be entitled to some portion of the costs challenged, they have made no such showing despite having been given the opportunity to do so. Accordingly, the court will allow BMC's motion.

### III.  BILL OF COSTS

There is no dispute that where, as here, "Plaintiffs have received a judgment on the merits pursuant to an Offer of Judgment by [BMC], Plaintiffs are the prevailing parties" and, as such, are entitled to costs. *Nelson v. Hecker*, 2010 WL 1741072, at *1 n.1 (D. Mass. Apr. 28, 2010). Nonetheless, BMC has challenged the bulk of Plaintiffs' requested costs as vague and overreaching.

As an initial matter, the court rejects Plaintiffs' argument that BMC's motion to strike, filed thirteen days after Plaintiffs' Bill of Costs, is untimely. Plaintiffs point to no federal or local rule which indicates that a motion to strike costs must be filed within ten days of the filing of the Bill of Costs. Instead, Plaintiffs rely solely on an Attorney Handbook available on the court's website which in turn refers to a document titled "Taxation of Costs." That document states that any objection to a Bill of Costs or any

item claimed by a prevailing party must be made in a motion for disallowance "within ten (10) days after the filing of the Bill of Costs." (*See Attorney Handbook,* Objections to the Bill of Costs, *available at* http://www.mad.uscourts.gov/resources/pdf/taxation.pdf.)

The court is not persuaded by Plaintiffs' argument.  First, the document, which was issued by the Clerk's Office, does not have the force of law.  (*See Attorney Handbook*, Introduction (noting that the handbook is not meant to serve as a substitute for any rules of procedure and "if there is any conflict between the handbook and the Local or Federal Rules of Procedure, then the Rules shall govern.").)  Without more, the document provides an insufficient basis on which to deny BMC's motion.  Second, the standard time limit in this district's local rules for filing oppositions to motions is fourteen days.  *See* Mass. Local R. 7.1 (b)(2) (subject to certain exceptions not applicable here, "[a] party opposing a motion, shall file an opposition within 14 days after the motion is served.").  The Bill of Costs, in the court's opinion, is just such a motion and BMC's opposition fell within the fourteen-day time limit.[1]

Accordingly, the court now turns to the specific categories of costs which Plaintiffs seek.

---

[1] The court notes that, pursuant to Federal Rule of Civil Procedure 54(d), "the clerk may tax costs on 14 days' notice" and that "on motion served within the next 7 days, the court may review the clerk's action."  Here, however, the clerk has not yet taxed any costs, so Rule 54 is inapplicable.  In any event, the Rule's "time limit is not jurisdictional and so the court may entertain the motion [to strike the bill of costs] even though it was untimely filed."  *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994).

A. Filing Fee and Service Fees

The court notes that BMC does not object to Plaintiffs' request for the $350.00 filing fee and that fee will be awarded to Plaintiffs. As to the service of process costs borne by Plaintiffs, BMC points out and Plaintiffs concede that the fees sought pertain to fees incurred by Plaintiffs serving, not BMC, but other defendants who remain in this case. (*See* Document No. 52 listing service fees for service on Defendants Bryan Albano, County Ambulance, Inc., Christine Decker, Brien Center for Mental Health and Substance Abuse, Inc., and Cynthia Austin.) In the court's view, it is inappropriate to impose on BMC the costs incurred by Plaintiffs serving other defendants and the court will allow BMC's motion accordingly.

B. Fees for Medical Records/Documents

Plaintiffs, pursuant to § 1920(4), request fees incurred related to copying and receiving medical records/documents. However, fees for certain documents -- identified by Plaintiffs as "County Ambulance," "City of North Adams (death cert.)," "Infotrak Record Management (Berkshire MC)," and "Commonwealth of MA" -- all pre-date the filing of this lawsuit and contain no further description. As such, the court will disallow those costs. *See Dixon v. Int'l Bhd. of Police Officers*, 434 F. Supp. 2d 73, 89 (D. Mass. 2006) (finding generalized costs claim "excessive" because plaintiff included "costs for dates prior to the filing of the . . . suit.").

The court will also disallow Plaintiffs' claim for costs incurred for copies of records regarding New England Pediatrics and Dr. Sharon Littzi. In its motion, BMC

asserts that, without success, it had made repeated requests of Plaintiffs to produce any such records and that it only learned of these particular records via Plaintiffs' Bill of Costs. Plaintiffs do not mention, much less address, BMC's argument in response. Accordingly, the court will not require BMC to bear such costs.

Finally, the court will allow BMC's motion as to Plaintiffs' request for costs related to all other medical records/documents. As indicated, it is clear that, when challenged, the party seeking to recover costs bears some burden to show that such costs were necessary. *See Pan Am. Grain Mfg. Co.*, 193 F.R.D. at 37. As the court explained, "recording what documents were copied and *explaining how the documents were* used in the case [are] absolutely necessary before the Court can permit . . . an award [under 28 U.S.C. § 1920(4)]." *Id.* (emphasis added). Here, as BMC asserts, Plaintiffs have provided no such explanation; they simply submitted invoices or, in some instances letters or emails, which merely list the documents requested and the associated copying fee but contain no information regarding how the documents were to be used or why they were necessary to the case. Standing alone, such information falls short of the burden placed on Plaintiffs. *See id.* (denying costs of copies and exemplifications where the claims were "supported only by invoices and checks that set forth amounts paid for copies . . . [and contained] no explanations of how the copies were to be used or why the copies were necessary to the case.").

Indeed, even after BMC identified deficiencies in the description of the documents for which they sought reimbursement, Plaintiffs merely referred to their

7

counsel's affidavit which avowed only that "all of the copies were necessarily obtained for use in this case." (Pls.' Opp.; Affidavit of Elizabeth Mulvey ¶¶ 7, 9 (affirming that "the costs claimed in the Bill of Costs have been necessarily incurred in this case" and that "no more copies than what was actually necessary were reproduced.").) Such "*ipse dixit* is simply insufficient to sustain [Plaintiffs'] burden of proof regarding costs." *Friedland v. Tic -- The Indus. Co.*, 2008 WL 1777492, at *1 (D. Colo. Apr. 16, 2008).

    C. Deposition Transcripts

Plaintiffs final request, pursuant to § 1920(2), is for fees in connection with nineteen deposition transcripts.[2]  "It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985); *see also Riofrio Anda v. Ralston Purina Co.*, 772 F. Supp. 46, 55 (D. P.R. 1991) (noting that § 1920(2) "does not mean that depositions must be used at trial in order to be taxed as costs"); *Piester v. IBM*, 1998 WL 1267929, at *1 (1st Cir. 1998) (citing 10 James Wm. Moore, et al., *Moore's Federal Practice* § 54.103[3][e] (3d ed. 1998)).10 Moore's § 54.103[3][c], p. 54-181 ("that a particular deposition was not actually used does not bar an award of costs").

---

[2] The court notes that Plaintiffs list eighteen depositions in their Bill of Costs. This is presumably an error.  Plaintiffs seek $935.30 in connection with the deposition transcript for Jeffrey Doshier M.D.  However, the invoice Plaintiffs submitted indicates that the total is for two depositions: Jeffrey B. Doshier and Ronald F. Hayden. (Unnumbered Invoice attached to Plaintiffs' Bill of Costs.)  Thus, the court assumes, as has BMC, that Plaintiffs' failure to separately identify the deposition of Ronald F. Hayden was in error.

BMC seeks to strike fourteen of the nineteen depositions on the grounds that they were taken *after* Plaintiffs' acceptance of the Offer of Judgment on November 29, 2011, which expressly indicated that Plaintiffs were entitled only to "$20,000, plus any recoverable costs accrued by [Plaintiffs] *prior to the receipt of* this Offer of Judgment." (Ex. A Attached to Counsel's Affidavit in Support of Mot. to Strike (emphasis added).) In response, Plaintiffs do not contest that the depositions were taken after their acceptance of the Offer of Judgment but argue that "all of the depositions costs being claimed occurred *prior to* this Court's rendering of judgment against BMC." (Pl. Opp. at 3.) Thus, Plaintiffs draw a distinction between their *receipt* of the Offer of Judgment and the court's *entry* of that judgment.

The court does not find that distinction either meaningful or persuasive. The Offer of Judgment clearly states that Plaintiffs are not entitled to costs incurred following their *receipt* of the Offer of Judgment. Indeed, as BMC argues, the fourteen depositions could not have been obtained in connection with claims against BMC when those claims had already been settled.

The court will also allow BMC's motion regarding the costs for the five remaining deposition transcripts. Although a deposition "need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case,'" a party must show that "at the time the deposition was taken, [it] could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 582 (W.D. Tex. 2010). "Whether [a] transcript was 'necessarily

obtained' [under § 1920(2)] is a finding of fact by the district court." *Piester*, 1998 WL 1267929, at *1.  Here, however, Plaintiffs have failed to provide any information whatsoever regarding the depositions of Bryan Albano, Victoria Burgess, or Mary Benoit, much less explain how these depositions pertain to claims against BMC. Indeed, as BMC notes, Albano and Burgess remain defendants against whom Plaintiffs have pending claims.  Moreover, Plaintiffs have not even endeavored to allocate these costs amongst the various defendants, and the court will not speculate as to which of these depositions could have been used in connection with claims against BMC. Accordingly, the court will allow BMC's motion as to these costs as well.

Finally, the court will allow BMC's motion as it concerns Plaintiffs' request for reimbursement of the fees incurred for the final two transcripts -- the transcripts of Plaintiffs' own depositions.  As the district court concluded in *Legrice v. Harrington*, 2010 WL 2991670, at *1 (D. Mass. July 26, 2010), the costs of the parties' own deposition transcripts were not "necessarily incurred" because the "testimony of these individuals, as parties to the litigation, was readily available without the need of deposition transcripts."  In addition, Plaintiffs have presented no special circumstances warranting an award of costs and "the costs of deposition transcripts purchased merely for the convenience of counsel shall not be taxed."  *Id.* (citing *Templeman*, 770 F.2d at 249).

## IV.  CONCLUSION

In light of the foregoing, the court has little choice but to ALLOW BMC's motion

to strike costs totaling $10,751.39 (regarding Plaintiffs' request for service fees, medical records/documents, and deposition transcripts).  The court, however, ALLOWS Plaintiffs' request for reimbursement of the filing fee in the amount of $350.00.

    IT IS SO ORDERED.

DATED: March 20, 2012

                                                              /s/ Kenneth P. Neiman  
                                                              KENNETH P. NEIMAN  
                                                              U.S. Magistrate Judge