UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER N. HILLMAN AND LISA K. HILLMAN AS ADMINISTRATORS OF THE ESTATE OF GREGORY HILLMAN<br>　　Plaintiffs<br><br>v.<br><br>COUNTY AMBULANCE, INC., BRIEN CENTER FOR MENTAL HEALTH AND SUBSTANCE ABUSE, INC., CHRISTINE DECKER, M. ED., LISW, VICTORIA BURGESS, PA-C., SUSAN GUINAN, R.N., and BRYAN ALBANO<br>　　Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>NO. 3:10-cv-30088-MAP |

**PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S DENIAL OF PLAINTIFFS' SECOND MOTION TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 72(a)**

NOW COME the plaintiffs, Peter N. Hillman and Lisa K. Hillman, as administrators of the Estate of Gregory S. Hillman, by their attorneys, and pursuant to Fed. R. Civ. P. Rule 72(a) hereby Object to the Magistrate Judge's denial of Plaintiffs' Second Motion to Amend Complaint.

As grounds therefore, the plaintiffs state as follows:

1. This is medical malpractice action brought to recover for the death of the plaintiffs' son, Gregory Hillman.

2. There were numerous health care providers involved in Gregory's care on the day in question, and their roles were not clear from the medical records nor were their roles in Gregory's care clear from the defendants' Rule 26 disclosures.

3. During the course of discovery, the liability of additional health care providers for Gregory's death became apparent and on February 27, 2012 the plaintiffs filed a motion to

---

*Handwritten margin annotation:* Overruled. In these circumstances, it certainly cannot be said that Judge Neiman's ruling was "clearly erroneous or contrary to law." 28 USC §636 (b)(1)(A). So Ordered. /s/ Michael A. Ponsor USDJ 3-30-12